UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| GLENDRICK GARDNER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 23-162-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RISK MANAGEMENT SERVICE | ) | **MEMORANDUM OPINION** |
| COMPANY, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Glendrick Gardner, a resident of Lexington, Kentucky, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. [Record No. 1] Gardner has also filed a motion for leave to proceed *in forma pauperis*. [Record No. 3] The information contained in Gardner's fee motion indicates that he lacks sufficient assets or income to pay the $350.00 filing fee. The Court, therefore, will grant his fee motion and waive payment of the applicable filing fees.

Because Gardner is granted *pauper* status, the Court reviews his Complaint prior to service of process, and will dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage, however, the Court accepts all non-conclusory factual allegations in the Complaint as true and liberally construes the legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

-1-

In December 2015, Gardner suffered a work-related injury while employed as a sanitation worker for the Lexington-Fayette Urban County Government. Beginning in 2020, Gardner filed the first in a series of Complaints in this Court, asserting that various participants directly or indirectly involved in the denial of his workers compensation claim violated his civil rights. Gardner's first Complaint was dismissed upon initial screening. *See Gardner v. Scott*, No. 5: 20-CV-456-JMH (E.D. Ky. 2020) [Record No. 1, No. 7 therein], *appeal dismissed*, No. 21-5360 (6th Cir. 2021).

Shortly after the Sixth Circuit dismissed the appeal in Gardner's first case, he filed a second Complaint, asserting the same or similar claims arising from the same events. In October 2021, the Court dismissed the second Complaint with prejudice, noting that Gardner's attempt to reassert the same claims was barred by the doctrine of *res judicata*. Further, the Court concluded that Gardner's civil rights claims were barred by the statute of limitations and/or substantively meritless. The Sixth Circuit affirmed this determination on direct appeal and the United States Supreme Court denied Gardner's petition for issuance of a writ of *certiorari*. *See Gardner v. Lexington-Fayette Urban County Government*, No. 5: 21-CV-175-DCR (E.D. Ky. 2021), *aff'd*, No. 21-5941, 2022 WL 1039608 (6th Cir. Mar. 9, 2022), *cert. denied*, No. 22-5120 (Oct. 3, 2022).

Undaunted, Gardner filed a third Complaint regarding these same underlying events, which the Court dismissed as being "nothing more than an attempt to relitigate that already-resolved matter." *Gardner v. Lexington-Fayette Urban County Government*, No. 5: 23-CV-57-KKC (E.D. Ky. 2023) [Record No. 7 therein]. Gardner filed an untimely appeal to the Sixth Circuit and has recently responded to its order to show cause why the appeal should not

be dismissed for lack of jurisdiction.  That appeal remains pending.  *See Gardner v. Lexington-Fayette Urban County Government*, No. 23-5361 (6th Cir. 2023).

Contemporaneously with his response to the Sixth Circuit, Gardner filed a fourth Complaint with this Court based on matters arising from the events.  The Court initially dismissed the action without prejudice because Gardner did not sign his Complaint and based on lack of subject matter jurisdiction pursuant to the holding in *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  *Gardner v. Risk Mgmt. Servs. Co.*, No. 5: 23-CV-158-DCR (E.D. Ky. 2023).  Gardner filed his fifth Complaint the next day.  [*See* Record No. 1.]

The fifth Complaint is identical in all respects to its predecessor except that Gardner signed his pleading as required by Civil Rule 11(a).  As before, Gardner contends that, in 2016, Risk Management Services Company ("RMSC") denied his claims related to workers compensation.  [*See* Record No. 1 at 4, No. 1-1at 4.]  Further, he alleges without explanation that in 2017 RMSC transferred "TTD benefits" to his former attorneys James Howes and Ferrari Partner, PLLC.  He also states that Howes and Ferrari "conspired [to] represent Risk Management only as an attorney."  [Record No. 1 at 4]  Gardner suggests this conduct constitutes cruel and unusual punishment in violation of the Eighth Amendment, qualifies as an unidentified violation of the Fourth Amendment, and amounts to employment discrimination in violation of 42 U.S.C. § 2000e.  [Record No. 1 at 4-5, 7-9].

The Court has reviewed Gardner's fifth Complaint and will dismiss it with prejudice upon initial screening.  Gardner's claims under the Fourth and Eighth Amendments fail as a matter of law because all named defendants are private citizens or entities, not government

employees.  The civil rights statute which provides the foundation for Gardner's claims states that:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law.

42 U.S.C. § 1983.  To be held liable under this statutory provision, a defendant must have acted "under the color of law."  *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (noting that "the under-the-color-of state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (cleaned up).

Gardner does not allege that any of the named defendants are government employees or entities, or that they otherwise acted pursuant to government authority.  To the contrary, RMSC is a private company charged with evaluating insurance claims, and Howes and Ferrari are private attorneys retained by Gardner and RSMC, respectively.  [Record No. 1-1 at 3, 8, 12-13] Gardner's complaint describes only private conduct and fails to state a constitutional claim against any of the defendants.  *See West v. Atkins*, 487 U.S. 42, 49 (1988); *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992).

Likewise, Gardner's claims of employment discrimination fail because he was not employed by any of the defendants within the meaning of federal employment discrimination law.  Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., prohibits employment discrimination based on race, color, religion, sex, or national origin.  *See* 42 U.S.C. § 2000e–2(a); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Title VII does not apply unless the plaintiff was either employed by the defendant or was seeking such employment.  Gardner

makes no such allegation here, and the facts he does allege indicate that no such relationship existed.  Thus, his employment discrimination claim fails as a matter of law.  *Cf. John v. U.S. Dep't of Just.*, No. 1:17-CV-0736, 2017 WL 3237875, at *2 (N.D. Ohio July 31, 2017); *Brinson v. Citigroup*, No. 1:10CV0038, 2010 WL 1539969, at *3 (N.D. Ohio Apr. 16, 2010).

Gardner's claims also are barred by the applicable statute of limitations.  Civil rights claims asserted under 42 U.S.C. § 1983 are governed by Kentucky's one-year statute of limitations, Ky. Rev. Stat. § 413.140(1)(a).  *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013).  Regarding Gardner's employment discrimination claim, Kentucky is a "deferral state," so a charge of employment discrimination must be lodged with the Equal Employment Opportunity Commission within 300 days after the conduct complained of.  *See Comer v. Transit Auth. of N. Kentucky*, No. 2:20-CV-00084-GFVT, 2020 WL 3719818, at *2 (E.D. Ky. July 6, 2020).  The claimant must then obtain a right-to-sue letter from the EEOC and file suit upon it within 90 days.  *See* 42 U.S.C. § 2000e-5(e)(1), (f)(1); *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001).  Here, the events giving rise to Gardner's claims occurred in 2016 and 2017, and his claims accrued at that time.  *See Johnson v. Memphis Light Gas & Water Div.*, 777 F. 3d 838, 843 (6th Cir. 2015) (noting that to determine when a civil rights claim accrues courts look "to what event should have alerted the typical lay person to protect his or her rights.") (cleaned up); *Amini*, 259 F.3d at 498 (noting that a Title VII claim accrues on the date of the alleged unlawful employment practice).  Gardner waited six to seven years before filing his Complaint in this case.  His claims, therefore, are barred.  *Cf. Truitt v. Cty. of Wayne*, 148 F.3d 644, 647 (6th Cir. 1998).

Finally, based on the repeated filing of new cases arising out of the same events, Gardner will be directed to explain why the Court should not impose restrictions upon his ability to file any new civil Complaint arising from his 2015 injury, the subsequent termination of his employment, and/or any administrative or judicial proceedings related to those events. As noted, Gardner has now filed five separate lawsuits arising from the same essential set of facts. The Court has concluded on several occasions that the events described in his various Complaints do not state a claim under 42 U.S.C. § 1983, and have long been barred by the applicable statute of limitations.  And the Sixth Circuit has affirmed that determination in one appeal.  *See Gardner v. Lexington-Fayette Urban County Government*, No. 5: 21-CV-175-DCR (E.D. Ky. 2021), *aff'd*, No. 21-5941, 2022 WL 1039608 (6th Cir. Mar. 9, 2022), *cert. denied*, No. 22-5120 (Oct. 3, 2022).  At this juncture, any further litigation by Gardner on these matters would almost certainly, as the Court has previously intimated, constitute "nothing more than an attempt to relitigate [this] already-resolved matter."  *Gardner v. Lexington-Fayette Urban County Government*, No. 5: 23-CV-57-KKC (E.D. Ky. 2023) [Record No. 7 therein].

While the Court affords considerable latitude to parties who are not educated or experienced in the eccentricities of the law or its practice, *Haines v. Kerner*, 404 U.S. 519, 596 (1972), that forgiving approach has never "[been] interpreted so as to excuse [repeated] mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). When a party files repetitive and/or frivolous lawsuits or motions, he abuses the right to represent himself without counsel, as well as the privilege of proceeding without payment

-6-

of the filing fee. Such conduct imposes a heavy burden upon the limited resources of the Court at the expense of other litigants with potentially meritorious claims.

A court may take all necessary and appropriate steps to manage its docket. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). This includes entry of an order prospectively requiring the vexatious litigant to obtain permission from the Court before filing any new lawsuit. *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *Maxberry v. S.E.C.*, 879 F.3d 222, 224 (6th Cir. 1989). That remedy appears appropriate with this plaintiff. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation.").

Before entering such an order, however, the Court will afford Gardner the opportunity to explain why such a restriction should not be imposed. *Cf. Metz v. Unizan Bank*, 655 F. 3d 485, 490 (6th Cir. 2011) ("parties should be given notice of the possibility of inherent power sanctions so that they 'can present to the district court those rules or statutes that may be more appropriate.'"). His response may be in the form of an explanation for past conduct in mitigation or to interpose factual or legal objections to the proposed restriction.

Within twenty-one days Gardner must file a written response in this case to demonstrate why the Court should not enter an Order requiring him to obtain prior permission from the the undersigned Chief Judge before he may file any new civil complaint in this Court related to the events as described. The Court will impose the sanction described above if Gardner fails to file a timely response or files a response that does not identify factually and legally sufficient grounds why the restriction should not be imposed.

Accordingly, it is hereby

-7-

**ORDERED** as follows:

1.      Gardner's motion to proceed *in forma pauperis* [Record No. 3] is **GRANTED**. Payment of the filing and administrative fees is **WAIVED**.

2.      Gardner's current Complaint [Record No. 1] is **DISMISSED** with prejudice and this matter is **STRICKEN** from the docket.

3.      All pending motions are **DENIED** as moot.

4.      Within twenty-one (21) days, Plaintiff Gardner is directed to **SHOW CAUSE** by filing a written response stating why he believes the Court should not impose the filing restrictions described above.

        Dated:  June 1, 2023.

                                        Danny C. Reeves, Chief Judge
                                        United States District Court
                                        Eastern District of Kentucky

-8-